JOHN CARSON AND WILL PAYNE V. THE STATE.

No. 557.    Decided April 17.

1. **Circumstantial Evidence—Charge—Reasonable Doubt.**—Where the evidence in a case of theft was circumstantial, and the court charged the jury, "In order to warrant a conviction on circumstantial evidence, all the necessary facts must be consistent with each other and the main fact sought to be established, and they must be of so conclusive a character that, when considered in connection, they lead reasonably and with moral certainty to the conclusion that the defendants did commit the offense of which they are accused, and that they exclude any reasonable hypothesis, except the guilt of the defendants;" *Held,* sufficient, though the court did not charge in this connection the reasonable doubt as to each fact and circumstance in the case.

2. **Same—When Reasonable Doubt Should be Charged.**—When the facts of a case of circumstantial evidence are so interdependent as to constitute a chain, in which if a link be missing the prosecution must fail, it may be proper for the court, when requested, to charge upon reasonable doubt as to some or all the facts constituting such chain. In general, however, the ordinary charge upon reasonable doubt as to the whole case will be sufficient.

3. **Theft of Cattle—Evidence Sufficient.**—See facts, stated in the opinion, *Held* amply sufficient to warrant a conviction upon circumstantial evidence.

APPEAL from the District Court of Hays.    Tried below before Hon. H. TEICHMULLER.

The appellants, John Carson and Will Payne, were jointly indicted and jointly tried for the theft of a steer, the property of H. C. Story and Andrew Cowan.    At the trial they were both convicted, and given each a term of two years' imprisonment in the penitentiary.

No statement necessary.

*Owen Ford* and *Gustave Cook,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellants were convicted under an indictment charging them with theft of one head of cattle, and the punishment of each assessed at a term of two years in the penitentiary, and from the judgment of the court below they prosecute this appeal.

The appellants in this case contend, that the court committed an error in his charge on circumstantial evidence, in that he failed to charge on the reasonable doubt as to each fact and circumstance in the case.    The charge of the court on this subject is as follows:    "In order to warrant a conviction on circumstantial evidence, all the necessary facts must be consistent with each other and the main facts sought to be established, and they must be of so conclusive a character that, when considered in connection, they lead reasonably and with moral certainty to the conclusion that the defendants did commit the offense of which they are accused, and that they exclude any reasonable hypothesis except the guilt of the defendants."    The court gave a general charge

on reasonable doubt. No special charge was asked applying the doctrine of reasonable doubt to any particular fact or facts in the case, nor was any exception taken to the charge of the court as given on circumstantial evidence. When the facts of the case made out by circumstantial evidence are so interdependent as to constitute a chain, in which if a link be missing the prosecution must fail, it may be proper for the court, when requested, to charge upon the doctrine of reasonable doubt as to some or all of the facts constituting such chain. In general, however, the ordinary charge upon reasonable doubt as to the whole case will be sufficient. The charge in this case defines the particular nature and character of circumstantial evidence, and tells the jury that the facts must be so conclusive, when considered in connection with the main fact, as to establish the guilt of the defendants to a moral certainty, and to exclude every reasonable hypothesis except the guilt of the defendants. The People v. Phipps, 39 Cal., 326; 2 Thomp. on Trials, sec. 2510, et seq. In this case we hold the charge to be sufficient.

The contention of appellants, that the facts of this case are insufficient to authorize a conviction of the defendants, is without any foundation to support it. The defendants were seen together, driving the animal in question, in the brake, towards their home, between sundown and dark. The animal, though running with its mother, and continually on the range before that time, has never since been seen alive, though its mother was back next morning on the range. On that same morning the prosecutor, having received the information of the occurrence of the evening before, went to the defendants' house, some five or six miles away from where he lived, and saw in their front yard the neck of a beef that had been freshly killed. He then went to Frank Posten's, who lived about 150 yards from defendants, and near his house, in a pen, found the head of a beef freshly killed. The skin was cut off the head, and the horns were cut off. The horns were also found in the same pen. The head and horns were secured, and the prosecutor then went to the river, some 150 yards distant, and saw a dog standing close by the river, which attracted his attention. He examined in the river close by, and found some twenty-eight pieces of beef hide that had been cut up, and evidently thrown into the river. They had the appearance of having been very recently taken from an animal. He got them out, and examined all the pieces, and fitted a number of pieces to the head, which were found to fit exactly, and by which, together with the horns, he was enabled to identify same as the head of his missing animal. There was no contrary evidence offered by the defendants, and, in our judgment, the foregoing testimony was ample to authorize the jury to convict the defendants.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.